# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| JOHN WAHRMUND d/b/a WAHRMUND FARMS | PLAINTIFF |
| v. Case No. 4:16-cv-00137-KGB | |
| TERRY BUSCHMAN, RYAN BUSCHMAN, and CATTLE CONNECTIONS, LLC f AND | DEFENDANTS |
| TERRY BUSCHMAN; and RYAN BUSCHMAN | COUNTER-CLAIMANTS |
| v. | |
| JOHN WAHRMUND d/b/a WAHRMUND FARMS | COUNTER-DEFENDANT |
| CATTLE CONNECTIONS, LLC | CROSS-DEFENDANT |

## ORDER

On June 21, 2019, the Court conducted a pretrial conference with counsel for plaintiff/counter-defendant John Wahrmund d/b/a Wahrmund Farms ("Wahrmund") and counsel for defendants/counter-claimants Terry Buschman, Ryan Ruschman (collectively the "Buschmans"). The Court notes that cross-defendant Cattle Connections, LLC ("Cattle Connections") remains unrepresented in this matter and did not appear at the pretrial conference.[1]

---

[1] By prior Order, the Court informed Cattle Connections of the need for the company to retain counsel (Dkt. Nos. 38, 49). Corporations, including Limited Liability Corporations, are not allowed to proceed *pro se* in this Court. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) ("[T]he law does not allow a corporation to proceed *pro se*."); *AG & Food Assocs. v. Whitebox Advisors, LLC,* No. 8:10CV202, 2010 WL 4688317, at *1 (D. Neb. Aug. 27, 2010), *report and recommendation adopted*, No. 8:10CV202, 2010 WL 4690880 (D. Neb. Nov. 10, 2010) ("Ag and Food Associates, LLC must be represented by counsel in this court . . . ."). To date, Cattle Connections remains unrepresented in this action. Cattle Connection must retain counsel in this matter or risk being subject to a default judgment. *See* Fed. R. Civ. P. 55(a) ("When

The Court made the following rulings and addressed the following matters. If the parties and their counsel believe that a door has been opened for introducing the evidence, testimony, and argument addressed and excluded by this Order, counsel are directed to approach the Court before introducing or eliciting such evidence, testimony, or argument before the jury. Before introducing any evidence, testimony, or argument regarding the matters the Court takes under advisement in this Order, counsel are directed to approach the Court and seek a ruling before introducing or eliciting such evidence, testimony, or argument before the jury.

1. Before the Court is Wahrmund's motion *in limine* No. 1 (Dkt. No. 73). The Court heard argument on the motion at the pretrial conference. The motion addresses several issues.

First, the Court grants Wahrmund's motion *in limine* regarding the prohibition of defendants from referencing the prior litigation concerning John Wahrmund's dispute with a prior feed vendor (Dkt. No. 73, ¶ 1). The Buschmans and Cattle Connections do not object to the Wahrmund's request.

Second, the Court reserves ruling on Wahrmund's motion *in limine* regarding the testimony of Ryan Buschman that concerns the alleged statements of a representative of the United States Department of Agriculture ("USDA") concerning the reasons for the denial of Ryan Buschman's claim for indemnity benefits under a USDA program (Dkt. No. 73, ¶ 2). This motion is related to the Buschmans' objection to Wahrmund's use of the applications for USDA flood benefits (Dkt. No. 75). Accordingly, the Court will address this issue below when addressing the Buschmans' objection to this anticipated testimony.

---

a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Third, the Court takes under advisement Wahrmund's motion *in limine* regarding the testimony of Ryan and Terry Buschman regarding what John Wahrmund should have done or failed to do under the circumstances when Ryan or Terry Buschman lack first-hand knowledge as to what transpired (Dkt. No. 73, ¶ 3). During the pretrial conference, defendants argued in opposition to this motion that Ryan and Terry Buschman can testify based on their own experience and observations regarding this case and that they have been disclosed as expert witnesses as to certain matters.

As it discussed in the pretrial conference, the Court acknowledges Ryan and Terry Buschman's ability to testify as to their personal knowledge and observations. Without knowing the scope of testimony Ryan and Terry Bushman intend to offer or the basis for that testimony, the Court is unwilling at this time to rule based on Federal Rule of Evidence 701 regarding the propriety of any anticipated opinion testimony.

Further, as for Ryan and Terry Buschman offering expert testimony not based on their personal knowledge and observations, the Court notes the requirements under Federal Rules of Civil Procedure 26(a)(2) and the Amended Final Scheduling Order, which set out deadlines for expert disclosures and reports, if required. The Court has not been presented as a part of the record before it with any expert disclosures relating to Ryan or Terry Buschman. Therefore, the Court is unwilling to rule at this time on the scope of Ryan or Terry Bushman's anticipated testimony as purported experts pursuant to Federal Rule of Evidence 702.

At this time, because the Court takes this portion of the motion under advisement, all parties are directed to refrain from referring to Ryan or Terry Buschman as experts in any area or from discussing any anticipated opinion testimony Ryan or Terry Buschman intend to or may offer without first seeking a ruling from the Court on the propriety and admissibility of that designation

or anticipated testimony. To the extent that Wahrmund objects to specific anticipated testimony of Ryan or Terry Buschman on this basis, Wahrmund is directed to approach the bench and to seek a specific ruling in advance from the Court regarding the scope of the witness's anticipated testimony or to make a contemporaneous objection to the testimony.

Fourth, the Court grants Wahrmund's motion *in limine* regarding the limitations of defendants' questions concerning the subpoenaed materials from Rabo Agrifinance (Dkt. No. 73, ¶ 4). During the pretrial conference, defendants stated that they will not bring up the subpoenaed materials from Rabo Agrifinance, unless Wahrmund presents the issue first.

In the Court's Order from September 27, 2018, the Court limited the discovery requests directed to Wahrmund and the command for testimony and production of documents in the subpoena to the time period of November 6, 2014, to January 15, 2016, the relevant time period for this case (Dkt. No. 62, at 3). The Court also limited the scope of the Buschmans' Request For Production No. 1 to documents relating to any bank applications Wahrmund made regarding obtaining "a loan to purchase the cattle from Terry Buschman and/or Ryan Buschman" including the loan applications and all correspondence to the bank from Wahrmund as well as correspondence from the bank during the relevant period as defined by the Court in that Order (*Id.*).

Before introducing any evidence, testimony, or argument regarding the Rabo Agrifinance matters, counsel are directed to approach the Court and seek a ruling before introducing or eliciting such evidence, testimony, or argument before the jury. If the parties and their counsel believe that a door has been opened for introducing evidence, testimony, and argument regarding the Rabo Agrifinance, counsel are directed to approach the Court before introducing or eliciting such evidence, testimony, or argument before the jury.

Fifth, the Court reserves ruling on Wahrmund's motion *in limine* regarding the introduction of any video, photos, or other evidence not previously produce in discovery pursuant to the Court's scheduling order (Dkt. No. 73, ¶ 5). During the pretrial conference, Wahrmund represented to the Court that this issue has been resolved or may not yet be ripe. To the extent that Wahrumnd objects to any video, photos, or other evidence not previously produced in discovery, Wahrmund is directed to approach the bench and to seek a specific ruling from the Court on the evidence.

2. Before the Court is the Buschmans' objection to Wahrmund's use of the applications for USDA flood benefits (Dkt. No. 75). Wahrmund responded in opposition to the motion (Dkt. No. 78). The Court also has before it Wahrmund's motion *in limine* to exclude the testimony of Ryan Buschman regarding the denial of his claim for indemnity benefits under a USDA program (Dkt. No. 73, ¶ 2), and the motion to quash subpoena served on a government employee filed by the United States of America (Dkt. No. 86). The Court takes these motions under advisement at this time. Before introducing any evidence, testimony, or argument regarding the matters the Court takes under advisement in this Order, counsel are directed to approach the Court and seek a ruling before introducing or eliciting such evidence, testimony, or argument before the jury.

Wahrmund contends that it should be permitted to introduce the applications for USDA flood benefits executed by Ryan Buschman on his behalf and on behalf of Terry Buschman, as well as the form executed by Leon Watson, an individual associated with Cattle Connections (Dkt. Nos. 78-2, 78-3, 78-4). Wahrmund maintains that, when filling out these forms, defendants represented to the USDA that the cattle losses were attributable to weather and wet conditions. Wahrmund further contends that, if weather and wet conditions caused the deaths, those losses

would be excused under the contractual arrangement between Wahrmund and Cattle Connections (Dkt. No. 78-1).

Ryan and Terry Buschman seek to exclude this evidence under Federal Rule of Evidence 403, claiming that it essentially is evidence of insurance and is more prejudicial than probative of any issue in the case. Wahrmund disagrees.

It appears undisputed at this point that Ryan Buschman and Terry Buschman were not awarded flood benefits by USDA based on their applications, although such evidence that documents the denial does not appear to be before the Court for the Court's review and consideration (Dkt. No. 73-3, at 8 (referencing a denial letter from the USDA concerning the claim for losses related to flooding)). Further, Ryan Buschman and Terry Buschman contend that, if this matter is raised before the jury, they should be permitted to call as a witness USDA employee Robert Evans, Conway County Executive Director of the Farm Service Agency, U.S. Department of Agriculture. The government has filed a motion to quash the subpoena served on Mr. Evans (Dkt. No. 86). The Court understands that Ryan Bushman contends that he and Mr. Evans discussed personally the reason for the denial and that the claim was denied "based on [the fact that] no other cattle owner[] lost cattle up and down the river." (Dkt. No. 73-3, at 8). It is unclear to the Court at this time whether this representation is consistent with documentary evidence of the denial.

Wahrmund takes the position that these applications for USDA flood benefits are probative of the issue of whether Ryan Buschman acted as an agent on behalf of and with the ability to bind Terry Buschman. Defendants argue that they will not deny such agency at trial. The Court understands the argument Wahrmund makes with respect to the probative value of these documents to the issue of agency.

Wahrmund also takes the position that these applications for USDA flood benefits include admissions by party opponents and, therefore, are not hearsay. Wahrmund asserts that, for the reasons it explains in its filings, this evidence is relevant and should be admissible under Federal Rules of Evidence 401, 402, and 403.

In considering these issues, the Court is concerned that, if Wahrmund raises the applications for USDA flood benefits executed by Ryan Buschman on his behalf and on behalf of Terry Buschman, as well as the form executed by Mr. Watson, Ryan Bushman, and Terry Buschman, Mr. Watson should be permitted to inform the jury that their claim for USDA flood benefits was denied so as not to leave an impression with the jury that is incomplete or inaccurate. At this time, because evidence of the denial and the basis for the denial is not before the Court, the Court is not in a position to determine how far Ryan Buschman, Terry Buschman, and Mr. Watson should be permitted to go in explaining the application process, the denial, or the basis of the denial. Further, the Court makes no determination at this time on whether defendants will be permitted to call Mr. Evans as a witness to testify in this matter.

For all of these reasons, the Court takes these matters under advisement. The Court would like to hear additional argument from counsel with respect to these matters. The Court directs counsel and all parties that, before introducing any evidence, testimony, or argument regarding the matter of application for or denial of USDA flood benefits, counsel are directed to approach the Court and seek a ruling before introducing or eliciting such evidence, testimony, or argument before the jury.

3. Before the Court is Wahrmund's motion to declare witness unavailable (Dkt. No. 76). During the pretrial conference, Wahrmund represented that, contrary to what is stated in the motion filed with respect to the previously scheduled April 2019 trial date, Dr. Michael Hamm

7

will be available to offer live witness testimony certain days during the currently schedule June 2019 trial and requested that the Court reserve ruling on this motion, unless and until Dr. Hamm becomes unavailable. The Buschmans agree, although they also do not object to the reading of Dr. Hamm's deposition testimony, if he is unavailable, so long as they are given the opportunity to read additional selected excerpts of his deposition testimony. At this time, given counsels' representations, the Court reserves ruling on Wahrmund's motion to declare witness unavailable. If Dr. Hamm becomes unavailable to offer live witness testimony, the parties should so inform the Court to permit the Court to rule on the objected to designated deposition excerpts of Dr. Hamm before those excerpts are offered into evidence.

4. Before the Court is Wahrmund's motion to strike improper deposition testimony designated by defendants (Dkt. No. 79).

During the pretrial conference, the parties represented to the Court that the portion of this motion regarding Dr. Hamm's testimony will only be ripe if Dr. Hamm is unavailable to offer live witness testimony during the June 2019 trial. For this reason, the Court reserves ruling on the motion regarding Dr. Hamm's deposition testimony.

The Court also reserves ruling on the other portion of Wahrmund's motion regarding the deposition testimony of Mr. Watson (Dkt. No. 79, at 2). Based on matters discussed at the pretrial conference, the Court understands that Mr. Watson has been subpoenaed to testify at the June 2019 trial by Wahrmund. During the pretrial conference, the parties discussed the availability of Mr. Watson and agreed to meet and confer regarding his attendance at the trial. The Court encouraged counsel for the parties to communicate with Mr. Watson regarding the subpoena issued, the requirements for compliance, and the consequences for noncompliance with the subpoena.

To the extent either party determines Mr. Watson is unavailable for trial and intends to offer his designated deposition testimony as evidence in this case, or in the event that Mr. Watson is not in trial when he is called to testify, the parties are directed to approach the bench and to inform the Court of these developments in advance before raising these issues with the jury, as well as to seek a specific ruling from the Court on the designated deposition testimony of Mr. Watson before it is discussed before the jury or offered into evidence.

5. Also before the Court is a motion to quash subpoena served on a government employee filed by the United States of America (Dkt. No. 86). The Buschmans have not filed a response yet, and the time to respond has not yet passed. The Court reserves ruling on the motion to quash.

So ordered this the 24th day of June 2019.

*Kristine G. Baker*

Kristine G. Baker
United States District Judge